CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 2 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH F. MAXIE,<br>Plaintiff,<br><br>v.<br><br>DR. DAVID BARNES,<br>Defendant. | Civil Action No. 7:06CV00005<br><br>**MEMORANDUM OPINION**<br><br>By Hon. Glen E. Conrad<br>United States District Judge |

The plaintiff, Joseph F. Maxie, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

### Background

The following facts are alleged in the plaintiff's complaint. The plaintiff is presently incarcerated at Botetourt Correctional Center. Prior to being transferred to Botetourt on June 28, 2005, the plaintiff injured his knee. The plaintiff alleges that as soon as he arrived at Botetourt, he advised correctional officers about the condition of his knee. Two days later, he was taken to the medical department for an examination. Dr. David Barnes, the correctional center's physician, placed the plaintiff on Naproxen and Prednisone.

On September 24, 2005, the plaintiff was taken to see an orthopedist in Roanoke. X-rays of the plaintiff's knee were inconclusive. Approximately one week later, the plaintiff underwent an MRI. Based on the results, the plaintiff was diagnosed with a stress fracture. The plaintiff

---

* Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

alleges that he was "called to medical to put on some kind of brace with velcro straps and told to use crutches."

The plaintiff wore the brace for one week before his leg was placed in a full cast. The plaintiff alleges that he was supposed to wear the cast for six weeks. However, it was removed after he had only worn the cast for four weeks. The plaintiff indicates that the decision to remove the case was based on an x-ray performed by the orthopedist. He contends that an MRI should have been performed to determine if his knee had fully healed. The plaintiff states that even though his knee still hurts "from time to time," he is only given Ibuprofen.

The plaintiff alleges that he has been treated "like a dog" by Dr. Barnes. The plaintiff indicates that during follow-up visits, Dr. Barnes has directly pressed on his injury. However, the plaintiff acknowledges that this may be "part of the procedure."

The plaintiff also indicates that he has a skin condition on his hands and that his fingernails are beginning to recede. Although the plaintiff has received a cream for the skin condition, the plaintiff alleges that the cream is not working properly. The plaintiff indicates that he would like to see a dermatologist and a certified psychologist.

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is well settled that a prison official may violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment, if the official shows a deliberate indifference to the inmate's serious illness or injury. Estelle v. Gamble, 429 U.S. 97,

2

102 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the prison official must know of and disregard an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986). Moreover, "disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Applying these principles, the court concludes that the plaintiff's allegations fail to state a claim against Dr. Barnes. The plaintiff does not allege facts indicating that Dr. Barnes ignored his fractured knee, his complaints of pain, or his skin condition. Rather, the plaintiff disagrees with the manner in which Dr. Barnes addressed his ailments. With respect to his knee, the plaintiff admits that he was treated by Dr. Barnes two days after he arrived at the correctional center, that he was eventually referred to an orthopedist, that he was placed in a full cast for four weeks, and that he received Ibuprofen for pain. While the plaintiff may believe that the cast was removed too soon, his personal opinion does not demonstrate that Dr. Barnes' treatment plan was unreasonable, or that it posed an excessive risk to the plaintiff's health or safety. To the extent that the plaintiff alleges that Dr. Barnes improperly pressed on his knee during examinations, such allegations, at most, imply negligence, which is not actionable under § 1983.

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the

3

plaintiff and counsel of record for the defendant.

**ENTER**: This 12th day of January, 2006.

*/s/ Glen Conrad*
United States District Judge